CHRISTIAN AMENT, Appellee, v. UNKNOWN CLAIMANTS et al., Appellants.

**ADVERSE POSSESSION:** Evidence. Record held to establish title to the land in controversy by adverse possession.

*Appeal from Delaware District Court.*—GEORGE DUNHAM, Judge.

JUNE 25, 1921.

ACTION to quiet title in plaintiff against unknown claimants of 105 acres of land, including 8 acres which defendants John House and Anna House claim to own and defend. Facts appear in the opinion.—*Affirmed.*

    *Anna M. Utt* and *Yoran & Yoran,* for appellants.

    *Fred B. Blair,* for appellee.

ARTHUR, J.—Appellee's claim is based on a contract of purchase from S. Yeager, in March, 1908, and deed in pursuance of contract, and record title to 27 acres of land lying north of the Maquoketa River, in the northeast quarter of the northeast quarter of Section 12, Township 87, Range 3, in Delaware County, Iowa. The description in the deed from Yeager to appellee is:

"All that part of the northeast quarter of the northeast quarter of Section 12, Township 87, north, Range 3, that is not owned by Charles House at this date, and other lands."

Appellee claims under his muniments of title, and adverse possession by himself and his grantors. The controversy is over the north 8 acres of the 40.

Appellants John House and Anna House claim the 8 acres under a deed from Charles House, their father, dated February 6, 1912, the description in which originally, before it was changed, was, "8-40 of northeast quarter of northeast quarter of Section 12, Township 87, Range 3," which was afterwards changed, at the instance of John House, to read "N. 8-40," same section, township, and range. The change was made by inserting the letter "N." The deed from Charles House to John and Anna House was prepared by one Edward Tobin, at the home of Charles House, who took the description "8-40 of the northeast quarter of the northeast quarter of Section 12" from an old deed, which deed also described other lands. Tobin sent the deed for record, and it was returned to him with inquiry as to what part of the 40 the "8-40" was. Then it was that Tobin had a conversation with John House about it, asking John if he could furnish him the description. John brought to him some tax receipts containing the description "N 8-40;" and upon that suggestion, he placed in the deed the letter "N" before "8-40." Charles House was not present when the interpolation was made, and the record does not disclose that he knew of it.

Defendants further based their claims on tax receipts for

many years, for taxes paid on the north 8 acres of the 40. The Houses further predicate their claim on a conversation that John claims to have had with his father, many years before, in which he says his father told him that he had bought the 8 acres about 50 years before, and had the tax receipts to show for it. Apt objections were made by appellee to the competency of the altered deed and the legend of the purchase by the ancestors some 50 years ago. There was no record title shown of Charles House to the 8 acres in controversy. Defendants own, and their ancestor owned, of the 40, the 13 acres lying south of the Maquoketa River. The father, Charles House, and defendants have always paid taxes on 13 acres of the 40. Appellee and his grantors have paid taxes on 27 acres of the 40. Taxes have been paid on the entire 40 in this way. As expressed by the lower court:

"There has evidently been a jumble in the matter of assessing and collecting taxes on this land. Neither of the parties, the plaintiff nor defendants John and Anna House, have paid the taxes on the entire and identical acreage that they are now claiming as their property in the 40."

Defendants claim and have title to the 13 acres in the 40, but have paid on the north 8 acres and the south 5 acres of the 40. Plaintiff claims the 27 acres north of the river, which is substantially the north 27 acres of the 40, but has each year paid taxes and has tax receipts for payment on the south 32/40, except the south 5 acres. From the record, as to payment of taxes we conclude with the lower court that the facts with reference to the payment of taxes have little evidentiary force, and cannot be considered as in any way controlling in the determination of the present rights of the parties in any specific land in controversy under the issues of the cause.

It is established in the record that appellee purchased from Christian Yeager the 27 acres north of the river, and immediately went into possession thereof as absolute owner; that he has been in actual adverse possession under such purchase, since the date of his contract of purchase from Christian Yeager, in 1908, and his deed in pursuance of the contract, in 1909, recorded March 23, 1909; and that his title to said 27 acres should be quieted against defendants John House and Anna House.

While the evidence lacks clearness, we think the whole record fairly establishes an adverse holding of the north 8 acres by appellee's grantors. We think Yeager was in possession of the north 8 acres, adverse to the claim of defendants. It is true that the Houses always made some claim to the north 8 acres. It was rough timber land, and they chopped and took poles and wood from it. Appellants have not been on the land in dispute but once since appellee went into possession, in 1908. In 1910, appellee found John House cutting timber on the land, and then told him that he (Ament) owned the land, and forbade John's cutting any more timber; and John desisted, and since that time has not attempted to interfere with appellee's possession, until the claim made in this cause. In the deed received by Ament from Yeager, there was recognition of the ownership of Charles House of land within the 40, the deed reciting:

"All that part of northeast quarter of northeast quarter of Section 12, * * * that is not owned by Charles House at this date."

The abstract of title in evidence showed that the only land owned by Charles House in the 40, at the time of such conveyance, was 13 acres south of the river. Therefore, we conclude that the conveyance to plaintiff was the 27 acres north of the river, including the 8 acres in controversy. Such holding gives to appellee and leaves to appellants the exact acreage to which, under the evidence, we believe each is entitled of the 40.

The decree of the lower court is affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.